By the Court.
The statute under which this assessment was made provides that the assessment shall be placed upon the duplicate for taxation against the lands assessed, and shall be collected in the same manner as other taxes.
The act under which the original suit was brought provides : “ That when any taxes of assessments, heretofore or hereafter levied or assessed, shall stand charged against any lands or lots or parcels thereof, upon the tax duplicate or special duplicate of the county of this state, for state, county, city, or any other purposes, and the same shall not be paid within the time prescribed by law for the payment of such taxes and assessments, the treasurer of such county, in addition to any other remedy provided by law for the collection of. such taxes and assessments, is. hereby specially authorized and empowered to enforce the lien of such taxes and assessments upon said property, by commencing, in any of the courts of this state having jurisdiction of the subject-matter, a civil action in the name of such treasurer,” etc. This statute was the first which gave the remedy sought to be enforced by the original action, and that action was commenced in the December next after its passage. The assessment was standing on the duplicate for the year 1876, then in the hands of the treasurer for collection, and there is no doubt that the usual remedy by sale for delinquency was subsisting at that time. Thei’e is no limitation, under the statute, upon the time within which payment of delinquent taxes, standing upon the duplicate in the treasurer’s hands for collection, must be enforced by the ordinary mode of delinquent sales. The *655 cause of action was therefore subsisting at the time the original action was commenced, and it is quite clear that the statute of limitations could not begin to run against such action until the] right of action ‘ was given by the statute of 1876-.
"Whether the action given by this statute is within the purview of the statute of limitations is a question which we are not now called upon to decide. ■

Motion overruled.